IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-24 |
| | ) | (VARLAN/GUYTON) |
| KAREN DRUMMOND and, | ) | |
| SCOTT SEAY | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 19, 2015, for a scheduled pretrial conference and motion hearing on Defendant Drummond's Motion to Continue Pretrial Motion Deadline and All Other Deadlines [Doc. 26], the Government's Motion to Declare Case Complex and Extended [Doc. 28], and Defendant Seay's Motion to Continue Deadlines [Doc. 33]. Assistant United States Attorney Tracy L. Stone appeared on behalf of the Government. Attorney Michael Collins was present via telephone for Defendant Drummond and Attorney Brandon Raulston was present for Defendant Seay. Both Defendants Drummond and Seay were present.

During the hearing, Attorneys Raulston and Collins agreed that their respective Motions should be interpreted as joint motions to continue the trial date, filed separately, and that both Defendants Drummond and Seay waived their rights under the Speedy Trial Act. Defendants argued that counsel needs additional time to prepare the case for trial due to the number of co-

defendants, the volume of discovery, and the legal issues presented by Defendant's charges. Accordingly, Defendants assert that a continuance is necessary. AUSA Stone issued no objection to Defendants' motions.

The Court observes that the Government has asked [Doc. 28] this Court to declare the case to be complex for speedy trial purposes, although it does not ask that the trial be continued. The Government states that over one hundred defendants were indicted in twenty-eight related cases and that 10% of the defendants had not been arrested at the time it filed the motion on May 4, 2015. It states that discovery is being disclosed in three phases: One phase involves a one-half terabyte of information, including five months of intercepted conversations and voluminous financial records. A second phase consists of patient files and other documents seized in the execution of search warrants, and a third phase involves hundreds of hours of video surveillance footage. The Government contends that by the time that discovery is fully disclosed under the schedule determined by the Court, defense counsel will have insufficient time to review the discovery and to prepare for trial. At the hearing, the Defendants did not object to the Government's request for the Court to deem this case complex for speedy trial purposes. The parties agreed to a new trial date of March 1, 2016.

The Court finds Defendants' Motions [Docs. 26 & 33] to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court begins by observing that the Defendants are charged [Doc. 3], along with numerous others in related cases, in a conspiracy to distribute oxycodone (Count One). The Defendants are also charged with conspiring to launder the proceeds of the drug conspiracy (Count Two). The total number of defendants in the related cases exceeds one hundred. Moreover, discovery in this case is voluminous, involving half a

2

terabyte of information.  [See Doc. 28].  Disclosure of discovery is ongoing in phases and is unlikely to be completed prior to the current trial date.  To require counsel to proceed to trial in June of 2015 would be a miscarriage of justice.  See 18 U.S.C. § 3161(h)(7)(B)(i).  The Court finds that the review of discovery cannot occur prior to the June 8, 2015 trial date.  Accordingly, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court also agrees with the Government that this case is complex for purposes of the Speedy Trial Act.  The instant case, along with all related cases, involves over one hundred defendants.  The Indictment alleges drug trafficking and money laundering schemes that are purported to have occurred over twenty-four months.  The discovery in this case is voluminous, as discussed above.  Thus, due to the number of defendants and the nature of the prosecution, including the voluminous discovery stemming therefrom, the Court finds "that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" the Speedy Trial Act.  18 U.S.C. § 3161(h)(7)(B)(ii).  The Court finds that this case should be designated as "complex" for speedy trial purposes.

Defendants' Motions **[Docs. 26 & 33]** are **GRANTED**, and the trial is reset to **March 1, 2016.**  The Government's motion [**Doc. 28**] to declare the case complex for speedy trial purposes is unopposed and is also **GRANTED**.  The Court also finds that all the time between the hearing on May 19, 2015, and the new trial date of March 1, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(D) and -(7)(A)-(B).  With regard to additional scheduling in this case, the Government's deadline for completing all discovery is **August 14, 2015**.  The deadline for Defendants to submit all reciprocal discovery is set for **November 3, 2015**.  The Court set a new motion deadline of **January 4, 2016**, with the

3

Government's responses due by **January 19, 2016**, to permit time to litigate the motion before the trial date. The Court set a new pre-trial conference for **February 3, 2016 at 11:00 a.m.** The deadline for plea negotiations is set for **February 1, 2016**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 16, 2016**. Special requests for jury instructions shall be submitted to the District Court no later than **January 22, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendants' Motions **[Docs. 26 & 33]** to continue trial date are **GRANTED**;

(2) The Government's Motion to Declare Case Complex and Extended [**Doc. 28**] is **GRANTED**. The Court finds this case to be complex for purposes of the Speedy Trial Act;

(3) The trial of this matter is reset to commence on **March 1, 2016 at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(4) All time between the hearing on **May 19, 2015**, and the new trial date of **March 1, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The Government's deadline for disclosing all discovery is **August 14, 2015**; and the Defendants' reciprocal discovery is due by **November 3, 2015;**

(6) The motion deadline is reset for **January 4, 2016**, with any Government responses due by **January 19, 2016**;

(7) A plea deadline is set for **February 1, 2016;**

(8) A new pre-trial conference is set for **February 3, 2016 at 11:00 a.m.;**

(9) Motions *in limine* must be filed no later than **January 16, 2016**; and

4

(10) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **January 22, 2016**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge